**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 5 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSASS
DELTA DIVISION

BARBARA MARSHALL                                              PLAINTIFF

VS.                    CASE NO. 2:20-cv-00245-BSM

CITY OF HELENA-WEST HELENA,
BOBBY JONES, in his individual and
Official capacity                                             DEFENDANTS

## COMPLAINT

**COMES NOW** the Plaintiff, **BARBARA MARSHALL,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C**; and, who for her Complaint, she states:

### PARTIES AND JURISDICTION

1.      Plaintiff was employed by Defendant, City of Helena-West Helena, in Phillips County, Arkansas. She is a resident of Phillips County, Arkansas, and the events leading to this cause took place in Phillips County.

2.      Defendant, City of Helena-West Helena, (hereinafter Defendant Helena"), is a municipal corporation organized under the laws of the State of Arkansas. Defendant, Bobby Jones, (hereinafter Defendant Jones"), is an individual who was Plaintiff's supervisor and terminated her. Their activities substantially impact interstate commerce.

3.      This case is brought for violation of the Family Medical Leave Act, the Arkansas Whistleblower Protection Act, 42 U.S.C. 1983, and Section 105 of the Arkansas Civil Rights Act for an amount exceeding that required for diversity jurisdiction. There is federal question jurisdiction, and supplemental jurisdiction over the state law claims as they arise out of the same operative set of facts.

This case assigned to District Judge  Miller
and to Magistrate Judge  Volpe

1

## FACTS

4. Plaintiff began working for Defendant in 2018.

5. At all times, Plaintiff was a satisfactory employee.

6. Defendant, Helena, employed more than 50 people during more than 20 weeks of the year within 75 miles of her worksite, at all times in 2019-2020.

7. In June of 2020, Plaintiff had worked for Defendant for more than a year and had worked more than 1250 hours in the preceding year.

8. While Plaintiff was employed, she observed various waste, fraud, abuse, and violations of law. This included theft of city property by city employees, employees drinking on the job, and employees driving city vehicles on city time, under the influence of alcohol.

9. Plaintiff reported these things to her superiors. An investigation was occurring. She participated in that investigation.

10. On June 24, 2020, a pallet of boxes fell on Plaintiff injuring her lower back and pelvic area.

11. Plaintiff was taken by ambulance to the ER, from work. Defendant, Jones, knew of the incident.

12. Plaintiff saw a physician, who gave her prescription medications, and did an imaging scan of her. He prescribed her further prescription medications, and directed her to see her physician, but released her return to work on June 26, 2020. She gave that release to them the day she left the hospital.

13. Defendant, Jones, was aware that Plaintiff had reported the misconduct.

14. Defendant, Jones, was aware that Plaintiff had hurt herself and gone to a physician.

15. Plaintiff returned to work with her doctor's release.

16. On June 26, 2020, Defendant, Jones, fired her, stating that her services were no longer needed.

17. Plaintiff went to a physician who prescribed a period of physical therapy, four (4) times a week, for which she would have needed leave to go and obtain treatment, and under whose supervision she took prescription medications.

18. Defendants failed to provide Plaintiff appropriate and timely notice her rights and obligations under the FMLA.

19. Plaintiff was fired because of protected activities.

### COUNT I - Whistleblower Act

20. Plaintiff restates the foregoing as if fully stated herein.

21. By virtue of the facts alleged herein, Plaintiff reported violations of the law, waste, fraud and abuse in a timely manner to her superiors and participated in an investigation and was fired for doing so in violation of the Whistleblower Act by Defendant, Helena.

22. As a result, Plaintiff lost wages and benefits.

### COUNT II - 42 U.S.C. 1983 and Ark. Code Ann. 16-123-105

23. Plaintiff restates the foregoing as if fully stated herein.

24. By virtue of the facts alleged herein, Plaintiff spoke out on matters of public concern, consistent with her rights under the U.S. and Arkansas Constitutions. Defendants fired her for doing so, in violation of the 42 U.S.C. 1983 and Ark. Code Ann. 16-123-105.

22. As a result, Plaintiff lost wages and benefits, endured mental, emotional, and physical suffering, embarrassment, and medical bills.

23. The individual Defendants' conduct has been in willful, malicious, and intentional violation of the law, meriting punitive damages.

## COUNT III - FMLA

24. Plaintiff restates the foregoing as if fully stated herein.

25. By virtue of the facts alleged herein, Plaintiff was an eligible employee, working for a covered employer, with a serious health condition, who gave appropriate notice of her need for time off, and was fired for taking time off in violation of the FMLA by all Defendants.

26. As a result, Plaintiff lost wages and benefits.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, **BARBARA MARSHALL,** prays for the following relief: back pay and benefits; front pay and benefits; liquidated damages under the FMLA; compensatory and punitive damages in an amount exceeding $75,000.00, to be decided by a jury; reinstatement; a positive reference; designation as re-hirable; an apology; posting of the lawsuit and any verdict at the job site; training for managers; and other injunctive relief; for reasonable attorneys' fees and costs; declaratory relief that Defendants violated the law; and, a jury trial on all matters so triable.

Respectfully Submitted,

Lucien R. Gillham, ABRN 99-199
*Counsel for Plaintiff*
**SUTTER & GILLHAM, P.L.L.C.**
310 W. Conway
Benton, AR 72015
501/315-1910 - Office
501/315-1916 – Facsimile

By: _____
lucien.gillham@gmail.com

4